## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FLORENCE IMMIGRANT AND REFUGEE RIGHTS PROJECT, | |
| Plaintiff, | No. 1:22-cv-3118 (CKK) |
| v. | |
| U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*, | **DEFENDANTS' ANSWER** |
| Defendants. | |

Defendants respectfully submit this Answer to Plaintiff's Second Amended Complaint (SAC), ECF No. 118. The numbered paragraphs of this Answer correspond to the numbered paragraphs of the SAC. Defendants deny any information not specifically admitted in this Answer. Defendants respond as follows to the individual paragraphs set forth in the SAC:

## <u>INTRODUCTION</u>

1.     The first introductory paragraph constitutes Plaintiff's characterizations of immigration detention by the Department of Homeland Security (DHS), Immigration Customs Enforcement, which does not require response. To the extent a response is deemed required, Defendants deny these allegations.

2.     The allegations in this paragraph set forth Plaintiff's characterization of this action and various legal conclusions, to which no response is required. To the extent a response is required, Defendants deny these allegations.

3.     This paragraph contains Plaintiff's characterizations of immigration law, immigration proceedings, and Plaintiff's organization, to which no response is required. To the extent a response is required, Defendants deny these allegations.

4.     This paragraph contains DHS and ICE's statutory and regulatory functions and authority which requires no response. To the extent a response is required, Defendants deny these allegations.

5.     Defendants deny these allegations. The allegations in the second sentence of this paragraph are not statements of fact but rather legal conclusions to which no response is required. To the extent a response is required, Defendants deny it.

6.     Defendants deny these allegations.

7.     The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendants deny these allegations.

8.     Defendants admit that the 2008 Performance-Based National Detention Standards (2008 PBNDS) apply to Central Arizona Florence Correctional Complex (Florence). Defendants deny the remaining allegations in this paragraph.

9.     This paragraph contains Plaintiff's characterization of the report submitted to Congress by Tae Johnson, ICE's former Acting Director, and Plaintiff's characterization to statements made by members of Congress, to which no response is required. Insofar a response is required, Defendants deny these allegations. Defendants deny the remaining allegations in this paragraph.

10.     Defendants deny these allegations.

11.     Defendants are unable to admit or deny Plaintiff's characterization of Plaintiff's attorney-client relationship.

12.     Defendants lack sufficient information to admit or deny the allegations in this paragraph and therefore deny these allegations.

13.     The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendants deny that they are in violation of the U.S. Constitution and federal law.

## JURISDICTION AND VENUE

14.     Paragraph contains Plaintiff's legal conclusion regarding jurisdiction, to which no response is required.

15.     This paragraph contains Plaintiff's legal conclusion regarding the Cout's authority to issue a remedy in this case, to which no response is necessary.

16.     This paragraph contains Plaintiff's legal conclusion regarding venue, to which no response is necessary.

## PARTIES

17.      This paragraph contains Plaintiff's characterizations of itself, its purpose, and its activities, to which no response is required.  To the extent a response is required, Defendants lack sufficient information to admit or deny the allegations in this paragraph and therefore deny these allegations.

18.     This paragraph contains Plaintiff's characterizations about the Department of Homeland Security's (DHS) statutory function and responsibilities and does not require a response. To the extent a response is deemed required, Defendants aver that DHS is responsible for enforcing federal immigration laws.

19.     This paragraph contains Plaintiff's characterizations the ICE's statutory functions and duties and does not require a response. To the extent a response is deemed required, Defendants

admit that ICE is a subcomponent of DHS and it is responsible for enforcing federal immigration laws.

20.    Defendants deny that Alejandro Mayorkas is the current Secretary of the DHS and aver that Kristi Noem is the current Secretary of DHS. Defendants admit that Plaintiff is suing the Secretary in her official capacity. Defendants deny the remainder of this paragraph.

21.    Defendants deny that Patrick Lechleitner is the Acting Director of ICE, and aver that Todd Lyons is the current Acting Director of ICE. Defendants aver that ICE detainees at Florence are in the care and custody of ICE. Defendants admit that Plaintiff is suing the Acting Director in his official capacity.  Defendants deny the remaining allegations in this paragraph.

22.    This paragraph contains Plaintiff's characterizations about Defendants statutory duties and responsibilities which do not require a response.

## [ALLEGED] STATEMENT OF FACTS

## I.    [ALLEGED] THE LEGAL REPRESENTATION PROVIDED BY PLAINTIFF IS VITAL TO PEOPLE IN IMMIGRATION DETENTION

23.    Defendants lack sufficient information to form a belief as to the truth of the allegations in this paragraph and therefore deny these allegations.

### A.  [Alleged] Individual Detained Clients Have Suffered from Attorney Access Barriers

24.    Defendant admits that "Benjamin" was in ICE custody at the Florence. The remainder of this paragraph contains Plaintiff's characterization of the legal visitation conditions at Florence, to which no response is required insofar as a response is required, Defendants deny these allegations.

25.    Defendants lack sufficient information to form a belief as to the truth of the allegations in this paragraph and therefore denies these allegations.

26.    Defendants admit that "Santiago" was in ICE custody at Florence from on or about February 8, 2023, through August 2, 2023. Defendants admit that in-person visitation takes place

both in private and open-room settings, depending on availability. Defendants lack sufficient information to form a belief as to the truth of the remaining allegations in this paragraph and therefore deny these allegations.

27.    Defendants admit that "Mugisha" was in ICE custody at Florence from on or about October 4, 2022, through April 5, 2023. Defendants admit that "Mugisha" was declared Mentally Incompetent to represent himself in immigration proceedings by an Immigration Judge. Defendants lack sufficient information to form a belief as to the truth of the remaining allegations in this paragraph and therefore deny these allegations.

28.    Defendants lack sufficient information to form a belief as to the truth of the allegations in this paragraph and therefore deny these allegations.

29.    Defendants admit that "Jose" was in ICE custody at Florence at various times from on or about December 1, 2021, through March 30, 2023. Defendants admit that "Jose" was declared Mentally Incompetent to represent himself in immigration court by an Immigration Judge. Defendants lack sufficient information to form a belief as to the truth of the remaining allegations in this paragraph and therefore deny these allegations.

30.    Defendants lack sufficient information to form a belief as to the truth of the allegations in this paragraph and therefore deny these allegations.

31.    Defendants admit that "Pedro" was in ICE custody at Florence from on or about October 14, 2022, through April 5, 2023. Defendants also admit that "Pedro" was deemed incompetent to represent himself in immigration court. Defendants lack sufficient information to form a belief as to the truth of the remaining allegations in this paragraph and therefore deny these allegations.

32.    Defendants lack sufficient information to form a belief as to the truth of the allegations in this paragraph and therefore deny these allegations.

33.     Defendants admit that "Guadalupe" is from Honduras and has been detained multiple times at Florence for various periods between August 11, 2022, and January 6, 2026. Defendants admit that "Guadalupe" remained in ICE custody due to her criminal history. Defendants lack sufficient information to form a belief as to the truth of the remaining allegations in this paragraph and therefore deny these allegations.

34.     Defendants deny that it is impossible to conduct a private, confidential legal call at Florence. Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies these allegations.

35.     Defendants admit that "Mateo" was in ICE custody at Florence at various times from on or about November 15, 2021, through October 5, 2022. Defendants admit that "Mateo" was eventually transferred to Larkin Behavioral Health Services, where he remained from on or about October 12, 2022, through March 7, 2023. Defendants lack sufficient information to form a belief as to the truth of the remaining allegations in this paragraph and therefore deny these allegations.

**B.  [Alleged] Plaintiff's Representation of Detained Clients.**

36.     Defendants lack sufficient information to form a belief as to the truth of the allegations in this paragraph and therefore deny these allegations.

37.     This paragraph contains Plaintiff's characterizations of the law, which do not require a response.

38.     This paragraph consists of Plaintiff's legal conclusions to which no response is required.

39.     Defendants lack sufficient information to form a belief as to the truth of the allegations in this paragraph and therefore deny these allegations.

40.     Defendants lack sufficient information to form a belief as to the truth of the first sentence in this paragraph and therefore deny the allegation. The remaining sentences in this paragraph consist of legal conclusions to which no response is required.

41.     This paragraph contains Plaintiff's characterizations of the law or federal policies, which do not require a response.

42.     This paragraph contains Plaintiff's conclusions of law to which no response is required.

43.     This paragraph contains Plaintiff's characterization of the cited articles, to which no response is required. To the extent a response is deemed required, Defendant responds that the quoted material speak for themselves and should be read in full context and therefore denies these allegations.

44.     Defendants lack sufficient information to form a belief as to the truth of the allegations in this paragraph and therefore deny these allegations.

45.     Defendants lack sufficient information to form a belief as to the truth of the allegations in this paragraph and therefore deny these allegations.

46.     Defendants deny all allegations that they have violated federal law. Defendants lack sufficient information to form a belief as to the truth of the remaining allegations in this paragraph and therefore deny these allegations.

**II.    [ALLEGED] ACCESS TO COUNSEL AT FLORENCE IS SEVERELY LIMITED**

47.     Defendants deny these allegations.

48.     Defendants deny these allegations.

**A.  [Alleged] Defendants Fail to Ensure Adequate Access to Confidential In-Person Communication Between Plaintiff and Detained Clients.**

49.     Defendants deny these allegations.

50.     This paragraph contains Plaintiff's characterization of the visitation space at Florence, to which no response is required. To the extent a response is required, Defendants admit that the Florence visitation space consists of two private rooms and a large visitation room for legal visits. Defendants deny the rest of the allegations in this paragraph.

51.     Defendants admit that Florence has two private visitation rooms and a large visitation for legal visits. Defendants aver that the large visitation area has 12 tables and 16 noncontact cubicle stations with two-way telephones. Defendants admit that Florence houses no more than 400 immigration detainees at any given time. The remaining sentences in this paragraph constitute Plaintiff's characterizations of the Florence facility and do not require a response. To the extent a response is deemed required, Defendants deny.

52.     Defendants lack sufficient information to form a belief as to the truth of the allegations in this paragraph and therefore deny these allegations.

53.     Defendants lack sufficient information to form a belief as to the truth of the allegations in this paragraph and therefore deny these allegations.

54.     Defendants lack sufficient information to form a belief as to the truth of the allegations in this paragraph and therefore deny these allegations.

55.     Defendants lack sufficient information to form a belief as to the truth of the allegations in this paragraph and therefore deny these allegations.

56.     Defendants deny these allegations.

57.     Defendants lack sufficient information to form a belief as to the truth of the allegations in this paragraph and therefore deny these allegations.

//

i.    [Alleged] Defendants restrict access to interpreters.

58.    This paragraph contains Plaintiff's characterization about why it deems interpreters important to which no response is required. To the extent a response is required, Defendants lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

59.    Defendants lack sufficient information to form a belief as to the truth of the allegations in this paragraph and therefore deny these allegations.

60.    Defendants lack sufficient information to form a belief as to the truth of the allegations in this paragraph and therefore deny these allegations.

61.    Defendants lack sufficient information to form a belief as to the truth of the allegations in this paragraph and therefore deny these allegations.

62.    Defendants admit that phones are available for interpreter access in the public visitation area and that the facility may provide flip phones for use in private visitation rooms. Defendants also admit that the use of personal cell phones is restricted, but attorneys may request to bring them in to visits. Defendants deny that it has blocked confidential phone access. Defendants lack sufficient information to form a belief as to the truth of the remaining allegations in this paragraph and therefore deny these allegations.

63.    Defendants lack sufficient information to form a belief as to the truth of the allegations in this paragraph and therefore deny these allegations.

64.    Defendants lack sufficient information to form a belief as to the truth of the allegations in this paragraph and therefore deny these allegations.

65.    Defendants admit that a phone is provided for interpreter access in the public visitation area. Defendants admit that plexiglass is used in private visitation rooms for security reasons.

Defendants lack sufficient information to form a belief as to the truth of the remaining allegations in this paragraph and therefore deny these allegations.

66.     Plaintiff's characterization of the cited reports require no response. To the extent a response is deemed required, Defendants deny.

> ii.     [Alleged] Defendants impede attorneys' ability to prepare documents and filings during visits.

67.     Defendants admit that facility staff exchange documents between clients and attorneys in non-contact visitation rooms.  Defendants deny the remaining allegations in this paragraph.

**B.  [Alleged] Defendants Restrict Telephone Access Between Plaintiff and Detained Clients.**

68.     Defendants deny that they fail to ensure reliable in-person communication and unlawfully restrict Detained Clients from making and receiving calls. Defendants deny the remaining allegations in this paragraph.

69.     Plaintiff's characterization of the Court's orders and rulings require no response. Defendants deny that they have not complied with the Court's preliminary injunction Order.

70.     Defendants deny.

> i.     [Alleged] Restrictions on scheduled phone calls at Florence harm Plaintiff's ability to represent Detained Clients.

71.     Defendants lack sufficient information to form a belief as to the truth of the allegations in this paragraph and therefore deny these allegations.

72.     Defendants deny the first sentence of this paragraph. Defendants admit sentences two and three of this paragraph. Plaintiff's characterization of the message delivery system in sentences four through six require no response. To the extent a response is required, Defendants deny. Plaintiffs' characterizations of the applicable detention standards require no response. To the

extent a response is required, Defendants deny that they are violating the applicable detention standards.

73.     Defendants lack sufficient information to form a belief as to the truth of the allegations in this paragraph and therefore deny these allegations.

74.     Defendants deny that there have been no accommodations in place for clients who require an interpreter for legal calls at Florence. Defendant lacks sufficient information to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies these allegations.

75.     Defendants lack sufficient information to form a belief as to the truth of the allegations in this paragraph and therefore deny these allegations.

76.     Defendants admit that ICE has permitted Florence Immigrant and Refugee Rights Project (FIRRP) attorneys to schedule calls with facility staff to be held on cellular phones. Defendants admit that these cell phone calls do not always occur in a private  locations. Defendants lacks sufficient information to form a belief as to the truth of the remaining allegations in this paragraph and therefore deny these allegations.

77.     Defendants lack sufficient information to form a belief as to the truth of the allegations in this paragraph and therefore deny these allegations.

78.     Defendants lack sufficient information to form a belief as to the truth of the allegations in this paragraph and therefore deny these allegations.

79.     Defendants admit that scheduled phone calls are also available at other ICE facilities. Plaintiff's characterizations of the cited reports do not require a response. response is required. To the extent a response is deemed required, Defendants deny the allegations and aver that the cited materials speak for themselves and should be read in full context.

80.    Plaintiff's characterization of Defendants' actions do not require a response.  To the extent a response is required, ICE admits the allegations in sentences two and three of this paragraph and deny the remining allegations.

ii.    [Alleged] Defendants fail to provide private spaces for Detain Clients to make confidential legal phone calls.

81.    Defendants deny that they fail to ensure that Detained Clients can make legal phone calls in private areas. Defendants lack sufficient information to form a belief as to the truth of the remaining allegations in this paragraph and therefore deny these allegations.

82.    Defendants lack sufficient information to form a belief as to the truth of the allegations in the first sentence of this paragraph and therefore deny these allegations. Defendants admit that some calls are made through telephones located in the open housing unit. Defendants deny that there is no private place for detained aliens to communicate confidentially with counsel. Defendants lack sufficient information to form a belief as to the truth of the remaining allegations in this paragraph and therefore deny these allegations.

83.    Defendants deny these allegations.

84.    Plaintiff's allegations characterizing the *Lyon v. ICE*, No. 3:13-cv-5878 (N.D. Cal.) [ECF No. 280-01], settlement agreement do not require a response.  Defendants aver the cited settlement agreement speaks for itself.

iii.    [Alleged] Outgoing phone calls from Detained Clients to attorneys are often prohibitively expensive, and the pro bono line is not a viable alternative.

85.    Defendants deny these allegations.

86.    Defendants admit.

87.    Defendants admit that there are multiple ways for immigration detainees to call their attorneys. Defendants also admit detainees making paid calls are charged up to $0.22 per minute.

Defendants admit that paid calls are monitored, except if the organization or an attorney has requested to be placed on a "do not record" list. Defendants aver that to access the pro bono hotline, a detainee must: Press 1 for English or 2 for Spanish; Enter their A#; Enter 737# for FIRRP. Defendants admit that the list of pro bono hotline extensions are posted approximately twenty feet away from the phones. The list of pro bono providers at CAFCC shows that FIRRP has two extensions. The Defendants deny the remaining allegations in this paragraph.

88. Defendants lack sufficient information to form a belief as to the truth of the allegations in this paragraph and therefore deny these allegations.

89. Defendants deny the allegations in this paragraph.

90. Defendants deny the allegations in this paragraph.

91. Plaintiff's allegations characterizing the *Lyon v. ICE*, No. 3:13-cv-5878 (N.D. Cal.) [ECF No. 280-01], settlement requires no response. Defendants aver that the *Lyon* settlement agreement speaks for itself.

    iv. [Alleged] Defendants impose time limits and other restrictions that impede clear and effective attorney-client communication by telephone.

92. The general statements in this paragraph do not require a response. To the extent a response is required, Defendants deny that they impose arbitrary rules or cause technical difficulties in order to deny or impede detainees' access to telephone services.

93. Defendants admit that calls may be restricted due to facility operations, such as counts, meals, and lockdown. Defendants deny the remaining allegations in this paragraph.

94. Plaintiff's characterizations of the cited Detention Standards do not require a response. Defendants lack sufficient information to form a belief as to the truth of the allegations in the second sentence of this paragraph and therefore deny these allegations. Plaintiff's allegations

characterizing the *Lyon v. ICE*, No. 3:13-cv-5878 (N.D. Cal.) [ECF No. 280-01], settlement do not require a response and aver that the agreement speaks for itself.

      **C.**      **[Alleged] Defendants Restrict Plaintiff's Ability to Reliably Exchange Legal Correspondence with Detained Clients.**

95.      Defendants deny that immigration detainees are not permitted to exchange documents via fax. Defendants admit that detained Clients do not have access to email. Defendants deny the remaining allegations in this paragraph.

96.      Defendants deny that immigration detainees may not exchange documents via fax and aver that Florence will facilitate requests to send and receive faxed documents. Defendants admit that detained clients do not have access to email.

97.      Defendants lack sufficient information to form a belief as to the truth of the allegations in this paragraph and therefore deny these allegations.

98.      Defendants deny the allegations in this paragraph.

99.      Defendants lack sufficient information to form a belief as to the truth of the allegations in this paragraph and therefore deny these allegations.

100.      Plaintiff's characterization of the cited policy requires no response and Defendants aver that the quoted material speaks for itself and should be read in full context. Defendants lack sufficient information to form a belief as to the truth of the remaining allegations in this paragraph and therefore deny these allegations.

101.      Plaintiff's characterization of the cited reports require no response. To the extent a response is required, Defendants respond that the quoted material speak for themselves and should be read in full context.

//

**D.  [Alleged] Defendants Deny Plaintiff Adequate Access to Confidential Videoconferencing to Communicate with Detained Clients.**

102.  Defendants deny these allegations.

103.  Defendants deny these allegations.

104.  Defendants deny these allegations.

105.  Plaintiff's characterization of the cited statements in the first sentence require no response. To the extent a response is deemed required, Defendants respond that the quoted material speak for themselves and should be read in full context. Defendants deny the allegations in the third sentence of this paragraph.  Defendants lack sufficient information to form a belief as to the truth of the remaining allegations in this paragraph and therefore deny these allegations.

106.  Defendants deny these allegations.

**E.  [Alleged] Defendants Fail to Provide Reasonable Access to Counsel Accommodations for Detained Clients with Disabilities at Florence.**

107.  Defendants lack sufficient information to form a belief as to the truth of the allegations in this paragraph and therefore deny these allegations.

108.  Plaintiff's characterizations of the cited statements require no response. To the extent a response is deemed required, Defendants respond that the quoted material speak for themselves and should be read in full context.

109.  Plaintiff's characterizations of the cited statements require no response. To the extent a response is deemed required, Defendants respond that the quoted material speak for themselves and should be read in full context.

110.  Plaintiff's characterizations of the cited policy requires no response. To the extent a response is deemed required, Defendants respond that the quoted material speak for themselves and should be read in full context.

111.    Defendants lack sufficient information to form a belief as to the truth of the allegations in this paragraph and therefore deny these allegations.

112.    Defendant admits that "Jose" was declared Mentally Incompetent to represent himself in immigration court by an Immigration Judge. Defendants lack sufficient information to form a belief as to the truth of the remaining allegations in this paragraph and therefore deny these allegations.

113.    Defendants lack sufficient information to form a belief as to the truth of the allegations in this paragraph and therefore deny these allegations.

114.    Defendants lack sufficient information to form a belief as to the truth of the allegations in this paragraph and therefore deny these allegations.

115.    Defendants lack sufficient information to form a belief as to the truth of the allegations in this paragraph and therefore deny these allegations.

116.    Defendants lack sufficient information to form a belief as to the truth of the allegations in this paragraph and therefore deny these allegations.

117.    Defendants lack sufficient information to form a belief as to the truth of the allegations in this paragraph and therefore deny these allegations.

118.    Defendants lack sufficient information to form a belief as to the truth of the allegations in this paragraph and therefore deny these allegations.

119.    Defendants lack sufficient information to form a belief as to the truth of the allegations in this paragraph and therefore deny these allegations.

120.    Defendants Deny.

121.    Defendants lack sufficient information to form a belief as to the truth of the allegations in this paragraph and therefore deny these allegations.

122.    Defendants deny that Florence does not have a system for attorneys to schedule legal phone calls and aver that CAFCC provides roll-away telephone calls for attorney visits and access to tablets. Defendants further aver that where possible and subject to safety, detainees on mental health watch or disciplinary custody may be taken to non-contact rooms for in-person legal visits. Defendants lack sufficient information to form a belief as to the truth of the remaining allegations in this paragraph and therefore deny these allegations.

123.    Defendants lack sufficient information to form a belief as to the truth of the allegations in the third sentence of this paragraph and therefore deny these allegations. Defendants deny the remaining allegations.

124.    Defendants deny that FIRRP staff are generally denied all access to their clients. Defendants lack sufficient information to form a belief as to the truth of the remaining allegations in this paragraph and therefore deny these allegations.

125.    Defendants lack sufficient information to form a belief as to the truth of the allegations in this paragraph and therefore deny these allegations.

126.    Defendants admit that messages requesting call-backs are conveyed to detained clients with disabilities, and that in many cases, clients are refusing to call back. Defendants lack sufficient information to form a belief as to the truth of the remaining allegations in this paragraph and therefore deny these allegations.

127.    Defendants lack sufficient information to form a belief as to the truth of the allegations in this paragraph and therefore deny these allegations.

128.    Defendants lack sufficient information to form a belief as to the truth of the allegations in this paragraph and therefore deny these allegations.

129.    Defendants lack sufficient information to form a belief as to the truth of the allegations in this paragraph and therefore deny these allegations.

130.    Defendants lack sufficient information to form a belief as to the truth of the allegations in this paragraph and therefore deny these allegations.

### III.    [ALLEGED] DEFENDANTS' RESTRICTIONS ON ACCESS TO COUNSEL AT FLORENCE HARM PLAINTIFF AND DETAINED CLIENTS

#### A.    [Alleged] The Restrictions on Attorney-Client Communication Impair Plaintiff's Ability to Provide Effective Legal Representation to Detained Clients and Harm Detained Clients.

131.    Defendants lack sufficient information to form a belief as to the truth of the allegations in this paragraph and therefore deny these allegations.

132.    Defendants lack sufficient information to form a belief as to the truth of the allegations in this paragraph and therefore deny these allegations.

133.    Defendants lack sufficient information to form a belief as to the truth of the allegations in this paragraph and therefore deny these allegations.

134.    Defendants deny these allegations.

135.    Defendants deny all allegations that they have violated the Constitution or federal law. The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny these allegations.

#### B.    [Alleged] Defendants' Restrictions Forces Plaintiff to Use Limited Resources to Counteract the Harm Caused by Defendants' Attorney Access Restrictions.

136.    Defendants lack sufficient information to form a belief as to the truth of the allegations in this paragraph and therefore deny these allegations.

137.    Defendants lack sufficient information to form a belief as to the truth of the allegations in this paragraph and therefore deny these allegations.

## IV.    [ALLEGED] DEFENDANTS HAVE VIOLATED PLAINTIFF'S AND DETAINED CLIENTS' CONSTITUTIONAL AND STATUTORY RIGHTS

### A.    [Alleged] Defendants Are Responsible for Monitoring Inspection, and Oversight of Conditions at Florence.

138.    Defendants admit that they manage detention operations to ensure the safety, security and care of aliens in their custody. The remaining allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

139.    Plaintiff's characterizations of ICE's detention standards require no response. To the extent a response is required, Defendants deny.

140.    Plaintiff's characterization of the cited Detention Standards require no response. To the extent a response is required, Defendants respond that the quoted material speak for themselves and should be read in full context.

141.    Plaintiff's characterization of the cited statements on ICE's website and from the OIG report are not statements of fact to which a response is required. To the extent a response is deemed required, Defendants respond that the quoted material speak for themselves and should be read in full context.

142.    Defendants admit that the acting Director of U.S. Immigration and Customs Enforcement (ICE) is Todd Lyons, that Enforcement and Removal Operations (ERO) is a subcomponent of ICE and that Custody Management Division is a subcomponent of ERO.  Defendants further admit that ICE's headquarters is in Washington, DC.  Plaintiff's characterizations of statements on ICE's website require no response. To the extent a response is required, Defendants deny.

### B.    [Alleged] Defendants Fail to Adequately Manage and Oversee Detention Facilities, Including Florence.

143.    Defendants deny.

144.    Defendants admit that the 2008 Performance-Based National Detention Standards (PBNDS) that apply at Florence prescribe both the expected outcomes of each detention standard and the expected practices required to achieve them.  Defendants admit that the PBDNS provides standards of performance for correspondence and other mail, telephone access, and visitation, including legal visitation.  The remaining allegations in this paragraph are denied.

145.    Plaintiff's characterizations of the cited Detention Standards are not statements of fact to which a response is required. To the extent a response is deemed required, Defendants respond that the quoted material speak for themselves and should be read in full context.

146.    Plaintiff's characterizations of the cited DHS-OIG report are not statements of fact to which a response is required. To the extent a response is deemed required, Defendants respond that the quoted material speak for themselves and should be read in full context.

147.    Plaintiff's characterizations of the cited report are not statements of fact to which a response is required. To the extent a response is deemed required, Defendants respond that the quoted material speak for themselves and should be read in full context.

148.    Plaintiff's characterizations of the cited report are not statements of fact to which a response is required. To the extent a response is deemed required, Defendants respond that the quoted material speak for themselves and should be read in full context.

149.    Plaintiff's characterizations of the cited DHS-OIG report are not statements of fact to which a response is required. To the extent a response is deemed required, Defendants respond that the quoted material speak for themselves and should be read in full context.

//

**C.    [Alleged] Defendants Can Require Improvements to Attorney Access at Florence Via Contract.**

150.    Plaintiff's characterizations of the cited website are not statements of fact to which a response is required. To the extent a response is deemed required, Defendants respond that the quoted material speak for themselves and should be read in full context.

151.    Defendants deny the allegations in the first sentence of this paragraph. Plaintiff's characterization of ICE's contracting procedures in the second sentence of this paragraph does not require a response. Plaintiff's characterization of ICE's contracts in the remaining sentences of this paragraph are not statements of fact that require a response. To the extent a response is deemed required, Defendants respond that the quoted material speak for themselves and should be read in full context.

152.    Plaintiff's characterization of ICE's service contracts do not require a response.

**D.    [Alleged] Access to Counsel Deficiencies in ICE Detention Facilities Nationwide Demonstrate Defendants' Oversight and Enforcement Failures.**

153.    Plaintiff's characterizations of the cited letters require no response. To the extent a response is deemed required, Defendants respond that the quoted material speak for themselves and should be read in full context.

154.    Plaintiff's characterizations of the cited requires no response. To the extent a response is deemed required, Defendants respond that the quoted material speak for themselves and should be read in full context.

155.    Plaintiff's characterizations of the cited report requires no response. To the extent a response is deemed required, Defendants respond that the quoted material speak for themselves and should be read in full context.

156.    Plaintiff's characterizations of the cited report requires no response. To the extent a response is deemed required, Defendants respond that the quoted material speak for themselves and should be read in full context.

157.    Plaintiff's characterizations of the cited requires no response. To the extent a response is deemed required, Defendants respond that the quoted material speak for themselves and should be read in full context.

158.    Plaintiff's characterizations of the cited requires no response. To the extent a response is deemed required, Defendants respond that the quoted material speak for themselves and should be read in full context.

159.    Plaintiff's characterizations of the cited report require no response. To the extent a response is deemed required, Defendants respond that the quoted material speak for themselves and should be read in full context.

160.    Plaintiff's characterizations of the cited letter requires no response. To the extent a response is deemed required, Defendants respond that the quoted material speak for themselves and should be read in full context.

## FIRST CLAIM FOR RELIEF

**[Alleged] Denial of Substantive Due Process in Violation of the Fifth Amendment
(on behalf of Detained Clients)**

161.    Defendants incorporate their responses to all proceeding paragraphs.

162.    This paragraph contains Plaintiff's legal conclusions to which no response is required.

163.    This paragraph contains Plaintiff's legal conclusions to which no response is required.

164.    This paragraph contains Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendants deny.

165.    This paragraph contains Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendants deny.

166.    This paragraph contains Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendants deny.

## SECOND CLAIM FOR RELIEF

### [Alleged] Violation of Rehabilitation Act, 29 U.S.C. § 701 *et seq.*

### (FIRRP on behalf of Detained Clients with Disabilities)

167.    Defendants incorporate their responses to all proceeding paragraphs.

168.    Sentence one in this paragraph contains Plaintiff's characterization of the cited sections of the Rehabilitation Act and require no response. To the extent a response is deemed required, Defendants respond that the quoted material speak for themselves and should be read in full context. Sentence two of this paragraph contains Plaintiff's legal conclusions to which no response is required.

169.    This paragraph contains Plaintiff's legal conclusions to which no response is required.

170.    This paragraph contains Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendants deny these allegations.

171.    Defendant lacks sufficient information to form a belief as to the truth of the allegations in this paragraph and therefore denies these allegations.

172.    This paragraph contains Plaintiff's legal conclusions to which no response is required. To the extent a response is required, Defendants deny these allegations.

173.     This paragraph contains Plaintiff's legal conclusions to which no response is required. Further Defendants deny that Plaintiff is eligible for injunctive or any other form of relief.

## PRAYER FOR RELIEF

The remainder of Plaintiff's Second Amended Complaint is a prayer for various forms of relief. Defendants deny that Plaintiff is entitled to any relief whatsoever.

## GENERAL DENIAL

Defendants deny each and every allegation contained in the Second Amended Complaint not specifically admitted in this Answer. Defendants reserve the right to amend this Answer if further facts are developed or if errors in drafting this Answer are discovered.

## AFFIRMATIVE DEFENSES

A.     Plaintiff is not entitled to relief, attorney's fees, court costs, or any damages whatsoever.

B.     Defendants reserve the right to raise any of the affirmative defenses set forth in Federal Rule of Civil Procedure 8, should any subsequent disclosure of facts support those defenses. Defendants reserve the right to prepare and plead any and all defenses which may become applicable during the course of this litigation.

//

DATED: January 26, 2026

DREW C. ENSIGN
*Deputy Assistant Attorney General*
Civil Division

ELIANIS PEREZ
*Assistant Director*

Respectfully Submitted,

*/s/ Laurie Wiesner*
LAURIE WIESNER
(1015739)
*Trial Attorney*
United States Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Benjamin Franklin Station
Washington, D.C. 20044
202-598-0885
Laurie.Wiesner@usdoj.gov

*/s/ Victoria Turcios*
VICTORIA TURCIOS
(MD Bar #1912180181)
*Trial Attorney*
United States Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Benjamin Franklin Station
Washington, D.C. 20044
202-451-7661
Victoria.E.Turcios2@usdoj.gov