IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FLORENCE IMMIGRANT AND
REFUGEE RIGHTS PROJECT,

Plaintiff,

v.

U.S. DEPARTMENT OF HOMELAND
SECURITY, *et al.*,

Defendants.

No. 1:22-cv-3118 (CKK)

**JOINT MEET AND CONFER STATEMENT**

Pursuant to the Court's December 10, 2025 Order, Federal Rule of Civil Procedure 26(f), and Local Civil Rule 16.3, Plaintiff Florence Immigrant and Refugee Rights Project ("FIRRP"), and Defendants U.S. Department of Homeland Security, U.S. Immigration and Customs Enforcement ("ICE"), Kristi Noem, and Todd Lyons,[1] ("Defendants"), (collectively "Parties") hereby submit this Joint Report.

**I.    Statement of the Case**

**Plaintiff's Statement of the Case:** Plaintiff, along with similarly situated organizations, initiated this lawsuit against Defendants on October 13, 2022. On August 11, 2023, Plaintiff filed the second amended complaint which, following this Court's October 6, 2025 denial of Defendants' motion to dismiss (ECF No. 133), remains the operative complaint. Plaintiff brings claims against Defendants based on their failure to provide constitutionally and statutorily required access to counsel for people held at the Central Arizona Florence Correctional Complex

---

[1] Current DHS Secretary Kristi Noem and ICE Acting Director Todd Lyons are substituted for former DHS Secretary Alejandro Mayorkas and former Acting ICE Director Patrick Lechleitner, pursuant to Fed. R. Civ. P. 25(d), who were sued in their official capacity.

1

("FCC"). While access to counsel issues at FCC are pervasive, they can largely be grouped into the following non-exhaustive list: (1) lack of access to confidential in-person legal visitation, (2) lack of access to confidential legal phone calls, (3) lack of access to confidential virtual visitation, (4) lack of access to confidential legal mail, and (5) the impact of the aforementioned issues on detained clients with disabilities in particular.

The Court granted Plaintiff a preliminary injunction on February 1, 2023, requiring Defendants to "(1) install[] six private, confidential attorney-client visitation rooms in which counsel may utilize translation services and physically pass documents to and from their detainee client or (2) install[] or transfigure[] a ratio of twenty-five detainees to one telephone that block all others from listening to legal calls while in progress." ECF No. 78. Importantly, the preliminary injunction does not address all of the attorney access issues at issue in this suit.

**Defendants' Statement of the Case:** Plaintiff brought this lawsuit on October 13, 2022. On February 1, 2023, the Court entered a preliminary injunction against Defendants, requiring "(1) install[] six private, confidential attorney-client visitation rooms in which counsel may utilize translation services and physically pass documents to and from their detainee client or (2) install[] or transfigure[] a ratio of 25 detainees to one telephone that block all others from listening to legal calls while in progress. Whichever course Defendants choose, it shall otherwise comply with every provision of the 2019 National Detention Standards for Non-Dedicated Facilities, as published at https://www.ice.gov/detain/detention-management/2019 as of the date of this Order." ECF No. 78. To date, there have been no disputes regarding Defendants' compliance with the injunction. FIRRP filed a second amended complaint on August 11, 2023, on behalf of itself and its clients, who are detained at the Florence Correctional Center in Florence, Arizona ("Florence"). Plaintiff alleges that (1) Defendants are not providing

constitutionally and statutorily required access to counsel for people held in immigration detention, and (2) Defendants are violating detained clients with disabilities rights under the Rehabilitation Act. Defendants filed a motion to dismiss on September 13, 2023, which the Court denied on October 6, 2025. ECF Nos. 121, 133. Defendants answered the Complaint on January 26, 2026. ECF No. 142.

## II.  Parties' Positions on Scheduling

**Plaintiff's Position on Scheduling:** The parties have not been able to reach an agreement regarding a schedule for this case.  The primary obstacle to agreement is the fact discovery period.  Plaintiff initially proposed that fact discovery be completed within four months.  In negotiations with Defendants, Plaintiff expressed willingness to agree to a longer schedule in the interest of compromise.  Plaintiff's proposed compromise schedule is included in Exhibit A.  It provides over nine months for fact discovery, which is more than enough time for fact discovery in this case.  In developing this schedule, Plaintiff reviewed scheduling orders in two cases involving attorney access at a single immigration detention facility, which provided approximately six months for fact discovery.  *See* Notification of Docket Entry, *Moreno Gonzalez v. Noem*, No. 1:25-cv-13323 (N.D. Ill. Dec. 16, 2025), Dkt. No. 126; Joint Stipulation to Adjourn Motion for Contempt & Sanctions Briefing Schedule and Discovery Schedule, *Barco Mercado v. Noem*, No. 25-cv-6568 (S.D.N.Y. Feb. 4, 2026), Dkt. No. 138.  Not only is the fact discovery period shorter in those cases, they also involve a wider set of claims, beyond attorney access.  *See* Complaint ¶¶ 202–241, *Moreno Gonzalez v. Noem*, No. 1:25-cv-13323 (N.D. Ill. Oct. 30, 2025), Dkt. No. 1; Complaint ¶¶ 68–81, *Barco Mercado v. Noem*, No. 25-cv-6568 (S.D.N.Y. Aug. 11, 2025), Dkt. No. 51.  Understanding that the facility at issue in this case is larger than the facilities at issue in these other cases, Plaintiffs have allowed for an additional

three months of fact discovery. Defendants point to *Southern Poverty Law Center v. DHS*, No. 1:18-cv-760 (D.D.C.) (CKK) ("SPLC"). That case is not comparable because it involved four different facilities and had a complex procedural history as a result of the intervening Covid pandemic, which occurred over a year into the case, significantly altered the facts, led to emergency motion practice, and a late-filed motion to dismiss by the government that delayed the resolution of discovery disputes.

**<u>Defendants' Position on Scheduling:</u>** The parties have not been able to reach an agreement regarding a schedule for this case. Defendants have noted during meet and conferrals that Defendant is unable to confidently propose a discovery schedule in this matter without Plaintiff outlining the type of information Plaintiff will likely seek in discovery. Defendants acknowledge that Plaintiff may be in a better position to provide this information to Defendants after it is in receipt of Defendants' initial disclosures, however, the Plaintiff has been unwilling to state even whether the scope of discovery will be narrow considering their shortened discovery timeline. Plaintiff's initial proposal that fact discovery be completed within four months is far shorter than the fact discovery involved in other cases involving similar issues. For example, in the *Southern Poverty Law Center v. DHS*, No. 1:18-cv-760 (D.D.C.) (CKK) ("SPLC") matter (a case Plaintiff sought to relate to this matter, ECF No. 2), discovery occurred for several years. *See Southern Poverty Law Center v. DHS*, No. 1:18-cv-760 (D.D.C.), ECF Nos. 73–183[2]. Plaintiff points to *Moreno Gonzalez v. Noem*, No. 1:25-cv-13323 (N.D. Ill.) and *Barco Mercado v. Noem*, No. 25-cv-6568 (S.D.N.Y.) as comparable cases. But *Moreno Gonzalez* and *Barco Mercado* are not comparable because they involve challenges to conditions during a much narrower time period

---

[2] Defendants acknowledge that discovery occurred in this case during the COVID-19 pandemic, involved multiple ICE detention facilities (as opposed to this case which involves one facility).

than alleged in this case. *Moreno Gonzalez v. Noem*, No. 1:25-cv-13323 (N.D. Ill. Oct. 30, 2025), Complaint at 1–6; *Barco Mercado v. Noem*, No. 25-cv-6568 (S.D.N.Y. August 8, 2025), Complaint ¶¶2–5.

Nevertheless, in an effort to provide the Court with a joint proposed schedule in this case, Defendants sent Plaintiff an initial proposed discovery schedule which envisioned document production substantially concluding in April of 2027. On March 11, 2026, Plaintiff provided Defendants with the compromise proposal which is included in Exhibit A. To bridge the divide between the parties, Defendants propose the compromise schedule included in Exhibit A.

### III.  LCvR 16.3(c) Requirements

1. **Dispositive Motions**. The Defendants filed a motion to dismiss, ECF No. 121, which was denied by the Court.  ECF No. 133.

2. **Additional Parties/Amendment of Pleadings**. The Parties agree that motions for leave to join any other parties and/or amend the pleadings shall be filed on or within 30 days. The Parties have not been able to agree upon or narrow any of the factual or legal issues.

3. **Magistrate Judge**. The Parties agree that this case should not be assigned to a magistrate judge for all purposes or trial.

4. **Settlement**. There have been no settlement discussions between the Parties.

    a. **Plaintiff's Position**: Plaintiff is preparing a good-faith settlement proposal and will provide the proposal to Defendants in the coming weeks. Plaintiff does not believe discovery should be stayed pending settlement discussions at this time. Defendants' representation to Plaintiff that they do not have the resources to negotiate settlement and undertake discovery simultaneously due to lack of resources is not credible given the tens of billion dollars Defendants received in

the One, Big, Beautiful Bill Act last year.[3] Plaintiff proposes that if the parties develop substantial momentum toward a settlement, the parties inform the Court and request a stay at that time, if appropriate.

b. **Defendants' Position**: Plaintiff has indicated an unwillingness to pause this case, even for sixty days, in order to fulsomely discuss settlement. On March 11, 2026, however, Plaintiff indicated that it will send Defendants an initial settlement proposal in the coming weeks. Due to limited resources at the Defendant agencies and at the Department of Justice, engaging in simultaneous settlement discussions and discovery would present a significant burden on Defendants, and Defendants will need time to review and consider Plaintiffs' forthcoming proposal. To that end, Defendants may move the Court for a stay of discovery upon receipt of Plaintiffs' proposal to allow Defendants to consider the proposal and prepare a response, if appropriate. Plaintiff has indicated that it opposes such a stay.

5. **Alternative Dispute Resolution**.

a. **Plaintiff's Position**: Plaintiffs believe alternative dispute resolution/mediation with a Magistrate Judge or the Circuit Mediation Program may be useful after the close of discovery or after resolution of any motions for summary judgment.

b. **Defendants' Position**: Defendants agree that alternative dispute resolution/mediation is not appropriate at this time.

---

[3] *See* Lauren-Brooke Eisen, *Budget Bill Massively Increases Funding for Immigration Detention*, BRENNAN CTR. FOR JUST. (July 3, 2025), https://www.brennancenter.org/our-work/analysis-opinion/budget-bill-massively-increases-funding-immigration-detention.

6. **Summary Judgment Motions**. The Parties have not been able to agree on a briefing schedule for summary judgment motions. Plaintiff's and Defendants' respective proposed schedules are included in Exhibit A.

7. **Initial Disclosures**. The Parties agree that initial disclosures required by Fed. R. Civ. P. 26(a)(1) should be made by March 25, 2026, or another date mutually agreed by the Parties.

8. **Discovery**. The Parties agree to a phased discovery schedule with fact and expert discovery proceeding sequentially. Requests for production of documents and requests for admissions shall be governed by Federal Rules of Civil Procedure 34 and 36, respectively. The Parties also agree that the duration of depositions be limited by Local Civil Rule 26.2(c). The Parties have not been able to agree to deadlines for a discovery schedule. Plaintiff's and Defendants' respective proposed schedules are included in Exhibit A.

9. **Discovery of Electronically Stored Information**. The parties intend to meet and confer as appropriate about the scope of document production after document requests are issued, including regarding the use of search terms to facilitate compliance with the parties' discovery obligations.

    The Parties have discussed disclosure, discovery, and the preservation of electronically stored information and have agreed that all information may be produced via an electronic file sharing program. The Parties do not anticipate the need to exchange any information in discovery which is not readily accessible.

    The Parties agree that electronically stored information should be produced either: (1) in its native file format, then rendered to TIFF images with a cross reference (load)

file; or (2) in searchable Adobe PDF format. In the event metadata is desired for an attachment (e.g., Excel file) but is not otherwise produced by these methods, the Parties will meet and confer in good faith and discuss the issue.

10. **Confidential Information/Privilege Issues**. The Parties agree that a motion for a protective order (including a clawback provision) should be filed governing the exchange and use of confidential information. Any declaration of privilege must be accompanied by a privilege log.

11. **Expert Witnesses**. The Parties have not been able to agree to a schedule for the exchange of expert witness reports and information pursuant to Federal Rule of Civil Procedure 26(a)(2). Plaintiff's and Defendants' respective proposed schedules are included in Exhibit A.

12. **Class Action**. Not applicable.

13. **Bifurcation**. The Parties do not believe there is a need to bifurcate discovery or trial.

14. **Pretrial Scheduling**. The Parties have not been able to agree to schedule for a pretrial conference and exchanges of motions, witness and exhibit lists, and deposition designations leading up to trial. Plaintiff's and Defendants' respective proposed schedules are included in Exhibit A.

15. **Trial Scheduling**. The Parties have not been able to agree to a schedule for trial. Plaintiff's and Defendants' respective proposed schedules are included in Exhibit A.

| | |
|---|---|
| /s/ Carmen Iguina Gonzalez | /s/ Linda Dakin-Grimm |
| Carmen Iguina Gonzalez (DC Bar No. 644730) | Linda Dakin-Grimm (DC Bar No. 501954; DDC Bar No. CA00176) |
| AMERICAN CIVIL LIBERTIES UNION FOUNDATION NATIONAL PRISON PROJECT | MILBANK LLP 2029 Century Park East, 33rd Floor Los Angeles, CA 90067 |

915 Fifteenth St. N.W., 7th Floor
Washington, DC 20005
(202) 625-2317
ciguinagonzalez@aclu.org

Kyle Virgien (CA Bar No. 278747)*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
NATIONAL PRISON PROJECT
39 Drumm St.
San Francisco, CA 94111
(202) 393-4930
kvirgien@aclu.org

Arthur B. Spitzer (DC Bar No. 235960)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF THE DISTRICT OF COLUMBIA
915 Fifteenth St. NW, 2nd Floor
Washington, DC 20005
(202) 601-4266
aspitzer@acludc.org

Emma Winger (DC Bar No. 90010721)
Suchita Mathur (DC Bar No. 90013156)
AMERICAN IMMIGRATION COUNCIL
1331 G St. N.W., Suite 200
Washington, DC 20005
(202) 507-7552
ewinger@immcouncil.org
smathur@immcouncil.org

(424) 386-4404
ldakin-grimm@milbank.com

Stacey J. Rappaport (NY Bar No. 2820520)*
Andrew B. Lichtenberg (NY Bar No. 4881090)*
MILBANK LLP
55 Hudson Yards
New York, NY 10001
(212) 530-5347
srappaport@milbank.com
alichtenberg@milbank.com

Danielle S. Lee Sauer (DC Bar No. 1659736)
MILBANK LLP
1101 New York Avenue NW
Washington, DC 20006
(202) 835-7532
dlee@milbank.com

*Counsel for Plaintiff*

*Admitted *pro hac vice*

 /s/ Laurie Wiesner
Laurie Wiesner (DC Bar No. 1015739)
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Phone: 202-598-0885
Email: laurie.wiesner@usdoj.gov

9

Victoria Turcios (MD Bar No. 1912180181)
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Phone: 202-451-7661
Email: victoria.e.turcios2@usdoj.gov

*Counsel for Defendants*

# EXHIBIT A

**Plaintiff's and Defendants' Proposed Schedule**

| Item | Proposed Date |
|---|---|
| Deadline to make Rule 26(a)(1) initial disclosures | Parties' joint proposal: March 25, 2026, or another date mutually agreed by the Parties |
| Deadline to serve initial document requests | Parties' joint proposal: April 22, 2026 |
| Deadline for substantial completion of document production in response to initial document requests | Plaintiff: September 18, 2026<br><br>Defendants: January 22, 2027 |
| Inspection of facility by Plaintiff and its representatives | Plaintiff: October 14, 2026 (or another date agreed by the Parties)<br><br>Defendants: February 26, 2027 (or another date agreed by the parties) |
| Deadline to serve interrogatories and requests for admission | Plaintiff: November 18, 2026<br><br>(These can be served before the deadline and must be answered on the timeline set forth in the Federal Rules of Civil Procedure).<br><br>Defendants: March 26, 2027<br><br>(These can be served before the deadline and must be answered on the timeline set forth in the Federal Rules of Civil Procedure). |
| **Fact discovery including depositions completed** | Plaintiff: December 18, 2026<br><br>Defendants: July 23, 2027 |
| Deadline to serve opening expert report for party with burden of proof | Plaintiff: January 29, 2027<br><br>Defendants: September 10, 2027 |
| Deadline to serve rebuttal expert reports | Plaintiff: February 26, 2027<br><br>Defendants: October 8, 2027 |
| **Expert discovery including depositions completed** | Plaintiff: March 12, 2027<br><br>Defendants: December 10, 2027 |

| Item | Proposed Date |
|---|---|
| Summary judgment briefing | Plaintiff: Defendants' opening brief ISO Defendants' motion (if any): April 2, 2027<br><br>Plaintiff's consolidated opposition to Defendants' motion and opening brief ISO Plaintiff's motion (if any): April 23, 2027<br><br>Defendants' consolidated reply ISO Defendants' motion and opposition to Plaintiff's motion: May 14, 2027<br><br>Plaintiff's reply ISO Plaintiff's motion: May 28, 2027<br><br><br>Defendants: Defendants' opening brief ISO Defendants' motion (if any): February 28, 2028<br><br>Plaintiff's consolidated opposition to Defendants' motion and opening brief ISO Plaintiff's motion (if any): March 27, 2028<br><br>Defendants' consolidated reply ISO Defendants' motion and opposition to Plaintiff's motion: April 17, 2028<br><br>Plaintiff's reply ISO Plaintiff's motion: May 8, 2028 |
| Pretrial conference in accordance with Rule 16 | Plaintiff: June 8, 2027 or as soon thereafter as the Court is available<br><br>Defendants: June 8, 2028 or as soon thereafter as the Court is available |
| Deadline to exchange witness and exhibit lists, and deposition designations | Parties' joint proposal: 30 days before trial |
| Deadline to exchange objections to witness and exhibit lists, and deposition designations | Parties' joint proposal: 16 days before trial |
| Deadline to file motions in limine | Parties' joint proposal: 7 days before trial |

| Item | Proposed Date |
|---|---|
| Deadline to file responses to any motions in limine | Parties' joint proposal: 4 days after motions in limine are filed |
| **Trial** | Plaintiff: July 27, 2027 or as soon thereafter as the Court is available<br><br>Defendants: July 27, 2028 or as soon thereafter as the Court is available |