**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| FLORENCE IMMIGRANT AND REFUGEE RIGHTS PROJECT,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>Defendants. | No. 1:22-cv-3118 (CKK) |

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

It is hereby STIPULATED AND AGREED by and among counsel for the Plaintiff and the Defendants, each a "Party" and together the "Parties" to the above-captioned action ("Action"), and for good cause shown, it is therefore hereby:

**ORDERED** that any person subject to this Confidentiality Stipulation and Protective Order ("Protective Order") including, without limitation, the Parties, the Parties' attorneys, representatives, agents, experts and consultants, all third parties providing discovery in this action ("Third Parties"), and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1. This Protective Order applies to any "Discovery Material" (i.e., all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that heretofore have been or are in the future produced or generated in disclosures or responses to discovery in the Action) that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the terms of this Protective Order ("Protected Material"). Any Party who receives such Protected Material ("Receiving Party") shall not disclose such Protected Material to

anyone else except as expressly permitted hereunder.

2. A Party or Third Party producing any given Discovery Material ("Producing Party") may designate as "CONFIDENTIAL" such material that falls within one or more of the following categories:

a. Personal identifying information of Plaintiff's clients and prospective clients who are currently or were previously held at any detention facility, including the Florence Correctional Center in Florence, Arizona (collectively, "Detained Clients"), including but not limited to immigration case numbers, alien registration numbers, names, dates of birth, and country of origin;

b. Medical and mental health records, diagnoses, and treatment information relating to Detained Clients, including but not limited to records pertaining to conditions such as PTSD, Major Depressive Disorder, psychosis, suicidality, and neurocognitive disorders;

c. Information concerning Detained Clients with disabilities, including but not limited to disability assessments, competency determinations, accommodation requests, and National Qualified Representative Program ("NQRP") referrals and evaluations;

d. Information relating to Detained Clients' immigration proceedings, including but not limited to asylum claims, claims of past persecution, and information provided to law enforcement agencies regarding criminal activity;

e. Information that, if disclosed, could expose Detained Clients to retaliation by facility staff, other detainees, or Third Parties, including but not limited to complaints regarding conditions of confinement and reports of staff misconduct;

f. Any other confidential information of a personal or intimate nature regarding any

Detained Clients or individual;

g. Information, documents or tangible things, which contain sensitive information about Defendant's law enforcement or national security staffing, resources, intelligence and/or methods (including the names and contact information of third parties, and non-supervisory federal and non-federal employees), the release of which to the public may adversely impact identifiable law enforcement or national security interests, to include any information that permits the identity of a person to be directly or indirectly inferred, including any information which is linked or linkable to that person regardless of whether the person is a U.S. citizen, lawful permanent resident (LPR), visitor to the United States, or a DHS employee or contractor;

h. names, phone numbers, and email addresses, or any other personal identifying information of federal employees;

i. Information protected from or prohibited from disclosure by statute or regulation including, but not limited to, 5 U.S.C. § 552, *et seq*., 8 U.S.C. § 1367; and

j. Any other category of information hereinafter given confidential status by the Court.

3. A Producing Party may designate as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" such Discovery Material that qualifies as "CONFIDENTIAL" under this Protective Order, and for which disclosure to another Party would create a material risk of harm that could not be avoided by less restrictive means.

4. Nothing in Paragraphs 2 or 3 of this Order will allow for the designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" of information on the basis that it discloses attorney access capabilities or infrastructure of a detention facility.

5. It is the intent of the Parties that Discovery Material will not be designated as Protected Material for tactical reasons and that nothing will be so designated without a good faith belief that it has been maintained in a non-public manner, and there is good cause why it should not be part of the public record.

6. With respect to any Discovery Material that qualifies as Protected Material under this Protective Order, other than deposition transcripts, recordings and exhibits, the Producing Party or that Producing Party's counsel may designate such material as Protected Material by stamping or otherwise clearly marking it as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in a manner that will not interfere with legibility or audibility. With respect to deposition transcripts, records, or exhibits, any Party, or a Third Party being deposed, may designate such material or portions of such material, to the extent not already designated hereunder, as "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by informing the reporter (and videographer, if applicable) during the deposition or within thirty (30) days after the reporter makes the final uncorrected deposition transcript available to all Parties or within another period of time agreed to by the Parties. If all or a portion of a proceeding is videotaped, the video recording will have the same level of protection that is designated by a Party for the transcript of the proceeding. During the 30-day period, or other period of time agreed to by the Parties, following first availability of the final uncorrected deposition transcript, deposition exhibits, the deposition transcript, and/or the video recording will be designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in their entirety unless otherwise agreed. After the expiration of that period, the deposition exhibits, the deposition transcript, or the video recording shall be treated as actually designated. If no designation is made within the 30-day period, or within another period of time agreed to by the Parties, to the extent not previously

designated as Protected Material, the materials shall be considered to not contain any Protected Material. If a Party reasonably expects a deposition, hearing, or other proceeding to include Protected Material, such Party shall give the other Party notice so that the other Party can ensure that only individuals who are authorized to attend and who have signed the Non-Disclosure Agreement (Exhibit A hereto) are present at such deposition, hearing, or other proceeding. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

7. A Party or Third Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Protective Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that will be produced. Documents inspected by a Party that are not identified by such Party for copying and production shall remain designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

8. If at any time prior to the trial of the Action, a Producing Party realizes that some portion(s) of Discovery Material that that Party previously produced without limitation should be designated as Protected Material, the Producing Party may so designate by apprising all prior recipients in writing, and providing recipients with replacement documents marked as required under this Protective Order. Thereafter, all persons subject to this Protective Order will treat such Protected

Material in accordance with the terms of this Protective Order.

9. This Stipulated Protective Order governs only disclosures undertaken to comply with discovery. It does not apply to any other information or authorize or require any broader disclosure.

10. The protections conferred by this Stipulated Protective Order cover not only those portions of such documents containing Protected Material (as defined above), but also (1) any information copied or extracted from those portions of documents containing Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by parties or counsel that reveal Protected Material.

11. Unless otherwise ordered by the Court or permitted in writing by the Producing Party responsible for a given designation ("Designating Party"), no person subject to this Protective Order other than the Producing Party shall disclose any of the Discovery Material designated by the Designating Party as "CONFIDENTIAL" to any other person whomsoever, except to:

a. Counsel. Counsel for the Parties and any support staff and other employees of such counsel assisting in this action with an appropriate need to know. If any Party's Counsel, support staff, or other employees cease to represent a Party in this action for any reason, such individual shall no longer have access to or be authorized to receive any Protected Material;

b. Parties. Individual Parties and employees of a Party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

c. The Court and its personnel;

d. Court Reporters and Videographers. Court reporters and videographers engaged for depositions;

e. Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including but not limited to outside vendors hired to process electronically stored documents;

f. Consultants and Experts. Consultants, investigators, or experts employed by the Parties or counsel for the Parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Exhibit A;

g. Witnesses at Depositions. During their depositions, witnesses in this action to whom disclosure is reasonably necessary but only after such persons have completed the certification contained in Exhibit A. Witnesses shall not retain a copy of documents containing Protected Material, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Protected Material pursuant to the process set out in this Protective Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order;

h. Authors or Recipients. The author or recipient of the document (not including a person who received the document in the course of litigation);

i. Detained Clients. Detained Clients, but only to the extent that the information disclosed to the Detained Client was designated "CONFIDENTIAL" under Paragraphs 2.a.–f. of this Order because it pertains to the Detained Client to whom it is disclosed; and

j. Others by Consent. Other persons only by written consent of the Designating Party or upon order of the Court and on such conditions as may be agreed or ordered.

12. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, no

person subject to this Protective Order other than the Producing Party shall disclose any of the Discovery Material designated by the Designating Party as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to any other person, except to:

a. Counsel. Counsel for the Parties and any support staff and other employees of such counsel assisting in this action with an appropriate need to know. If any Party's Counsel, support staff, or other employees cease to represent a Party in this action for any reason, such individual shall no longer have access to or be authorized to receive any Protected Material;

b. Consultants and Experts. Consultants and experts assisting counsel or a Party to this litigation to whom it is necessary to disclose Protected Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" for the purpose of assisting in the preparation and trial of this lawsuit, provided that any such person has completed the certification contained in Exhibit A before viewing and/or reviewing Protected Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and otherwise complies with this Protective Order. All such certifications shall be retained by counsel for each Party and will be subject to inspection for good cause shown by the other Parties;

c. Witnesses at Depositions. During their depositions, witnesses in this action to whom it is reasonably necessary to disclose Protected Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" for the purpose of deposition may be shown such information provided that any such person has completed the certification contained in Exhibit A before viewing and/or reviewing Protected Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

and otherwise complies with this Protective Order. An attorney who seeks to disclose "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials to a witness at a deposition shall first give notice to counsel of record so that they may consider whether the Parties agree that it is "reasonably necessary" to do so. Witnesses shall not retain a copy of documents containing Protected Material. In connection with review of the transcript following deposition, witnesses may review a copy of all exhibits designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and marked at their depositions under the personal supervision of counsel of record for the Parties in accordance with the terms of this Protective Order. Pages of transcribed deposition testimony or exhibits to depositions that are designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the process set out in this Protective Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order;

d. The Court and its personnel;

e. Court Reporters and Videographers. Court reporters and videographers engaged for depositions;

f. Authors or Recipients. The author or recipient of the document (not including the person who received the document in the course of litigation);

g. Detained Clients. Detained Clients, but only to the extent that the information disclosed to the Detained Client was designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under Paragraph 3 of this Order because it pertains to the Detained Client to whom it is disclosed; and

h. Others by Consent. Other persons only by written consent of the Designating Party or

upon order of the Court and on such conditions as may be agreed or ordered.

13. Recipients of Protected Material may use such material solely for the prosecution and defense of the Action and any appeals thereto, and not for any other purpose or in any other litigation proceeding. No person who examines any Protected Material shall disseminate orally, or by any other means, any Protected Material other than as permitted by this Protective Order. Nothing contained in this Protective Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in the Action or to documents publicly filed.

14. This Protective Order does not, by itself, authorize the filing of any document under seal. When a Party files Protected Material (including any descriptions thereof, as described in paragraph 10), the filing party shall initially file such material under seal and identify the material designated by another party in a sealing motion. The Designating Party has the burden to show that such material should remain sealed. If the Designating Party wishes to keep the Protected Material under seal, within fourteen days of the initial filing, the Designating Party shall file a motion to keep the documents under seal, stating that the Designating Party moves to maintain the designation and providing the justification. The filing party may file an opposition within fourteen days of the Designating Party's filing. If the Designating Party does not move to keep the documents under seal, the filing should be made public. The Designating Party shall then re-file the Protected Material publicly.

15. Any Party wishing to file a document designated as Protected Material in connection with a motion, brief or other submission to the Court must comply with United States District Court for the District of Columbia Local Rule 5.1(h) and Section 4(B) of the Court's Standing Order. The Parties agree that the Court is ultimately responsible for determining whether there is sufficient

justification for the nonpublic filing of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Discovery Material, and should the Court deny a Party's request to file a particular document under seal, it will not be a breach of this Protective Order for a Party to publicly file such document.

16. Any Party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure greater than those indicated by the Designating Party, may at any time prior to the trial of the Action serve upon counsel for the Designating Party a written notice stating the grounds for the objection or request. If agreement cannot be reached after a good faith effort to resolve the dispute within ten business days, counsel for all affected persons will address their dispute to this Court in accordance with Section 8 of the Court's Standing Order. A Party or Third Party does not waive its right to challenge a confidential designation by electing not to mount a challenge promptly after the original designation is disclosed. The burden of persuasion in any such challenge shall be on the Designating Party. Unless the Designating Party has agreed to change the confidentiality designation, all Parties and Third Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge and, in so ruling, disallows or alters the designation.

17. Each person who has access to Discovery Material that has been designated as Protected Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material. A Receiving Party must store and maintain any received Protected Material in a secure manner to limit access to the persons authorized under this Protective Order.

18. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). If, in connection with this Action, a Party discloses information

subject to a claim of attorney-client privilege or attorney-work-product protection ("Inadvertently Disclosed Information"), the disclosure does not operate as a waiver of such privilege or protection if the disclosure is inadvertent. The provisions of Federal Rule of Evidence 502(b)(2) and (3) are inapplicable to the production of documents or information under this Protective Order. Specifically, there has been no waiver if a Party inadvertently discloses privileged or confidential protected information, regardless of whether the Party took reasonable steps to prevent the disclosure or to rectify the error (unless the Party does not take reasonable steps to rectify the error after being notified by the Receiving Party of Suspected Inadvertently Disclosed Information, defined below).

19. Clawback Agreement:

a. If a party discovers a document, or part thereof, produced by another party that is privileged, the Receiving Party shall: (a) refrain from reading the document any more closely that is necessary to ascertain that it is privileged; (b) notify the Producing Party in writing within five business days that it has discovered documents believed to be privileged; (c) specifically identify the documents by Bates number or hash value range; (d) sequester all copies of such documents, along with any notes, abstracts, or compilations of the content thereof. Within five business days of the notification by the Receiving Party, the Producing Party shall notify the Receiving Party whether the document is privileged. After receiving notification that the document is privileged, the Receiving Party must certify that it has destroyed all copies of such documents, along with any notes, abstracts, or compilations of the content thereof to the Producing Party. Where such documents cannot be destroyed or separated it shall not be reviewed, disclosed, or otherwise used by the Receiving Party. Nothing

in this Order is intended to shift the burden to identify privileged information from the Producing Party to the Receiving Party.

b. If the Producing Party determines that a document produced, or part thereof, is subject to a privilege or privileges, the Producing Party shall give the Receiving Party written notice of the claim of privilege ("privilege notice"). Upon written notice of an unintentional production by the Producing Party (or oral notice if notice is delivered on the record at a deposition), the Receiving Party must promptly return, sequester, or destroy the specified document and any hard copies that the Receiving Party has and may not use or disclose the document until the privilege claim has been resolved. The Producing Party shall also provide an updated privilege log for such documents setting forth the author, recipient(s), subject matter of the document, along with the basis for the claim of privilege or evidentiary protection, as well as any portion of the document that does not contain privileged or protected information.

c. The privilege notice must contain information sufficient to identify the document including, if applicable, a Bates number as well as identification of the privilege asserted and its basis.

d. The Receiving Party must sequester any notes taken about the document. To the extent that the information contained in a document subject to a claim has already been used in or described in other documents generated or maintained by the Receiving Party, then the Receiving Party will sequester such documents until the claim has been resolved.

e. If a Receiving Party disclosed the document or information specified in the privilege notice before receiving the privilege notice, it must take reasonable steps to retrieve it,

and so notify the Producing Party of the disclosure and its efforts to retrieve the document or information.

f. Upon receiving the privilege notice, if the Receiving Party wishes to dispute a Producing Party's privilege notice, the Receiving Party shall promptly meet and confer with the Producing Party. The Receiving Party shall have ten business days from receipt of notification of the inadvertent production to determine in good faith whether to contest such claim and to notify the Producing Party in writing of an objection to the claim of privilege and the grounds for that objection. If no contest is made within ten business days, the documents, and any notes taken about the document, must be returned or destroyed.

g. The document(s) shall be sequestered immediately upon receiving the privilege notice and not be used by the Receiving Party in the litigation (e.g. filed as an exhibit to a pleading; used in deposition) while the dispute is pending. If the parties are unable to come to an agreement about the privilege assertions made in the privilege notice, the Receiving Party may make a sealed motion for a judicial determination of the privilege claim.

h. Pending resolution of the judicial determination, the Parties shall both preserve and refrain from using the challenged document for any purpose, and shall not disclose it to any person other than those required by law to be served with a copy of the sealed motion. The Receiving Party's motion challenging the assertion must not publicly disclose the information claimed to be privileged. Any further briefing by any Party shall also not publicly disclose the information claimed to be privileged if the privilege claim remains unresolved or is resolved in the producing party's favor. Any Party may

request expedited treatment of any request for the Court's determination of the claim.

i. The mere disclosure of a document in discovery does not, in and of itself, constitute a waiver of any privilege by the Producing Party. In accordance with Federal Rules of Civil Procedure 26(b)(5)(B), the Producing Party is entitled to the immediate return, destruction, or sequestration of a produced document designated in writing as privileged, without having to first demonstrate that the disclosure was inadvertent, that the Producing Party did not take reasonable steps to prevent the disclosure of the privileged documents, or that the Producing Party failed to take reasonable steps to rectify the error. If the designation of a document as privileged is disputed, the Parties will present the dispute to the Court through appropriate motion, after first attempting to reconcile the matter by meeting and conferring in accordance with District of Columbia Local Rule 5.1(h). Upon a determination by the Court that the specified documents are protected by the applicable privilege or evidentiary protection, and if the specified documents have been sequestered rather than returned or destroyed, the specified documents shall be returned or destroyed. The Court may also order the identification and/or review of documents that have been identified as being potentially subject to a legally recognized claim by search terms or other means.

j. If a document must be returned or destroyed as determined by the process above, that document, along with copies and notes about the document, that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials shall be overwritten and destroyed in the normal course of business. Until they are overwritten in the normal course of business, the Receiving Party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine

IT and cybersecurity functions.

20. Nothing in this Protective Order shall limit the right of any Party to request an in-camera review of Inadvertently Disclosed Information.

21. Nothing in this Protective Order shall prevent any Party from producing any Protected Material in its possession in response to a lawful subpoena or other compulsory process, or if required by law or by any government agency having jurisdiction, provided that such Party follows the procedures set forth herein. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in the Action as Protected Material that Party must: (a) immediately, and in no event more than three court days after receiving the subpoena or order, provide written notice to the Designating Party, such notification to include a copy of the subpoena or court order; (b) promptly provide written notice to the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and (c) if the Designating Party timely seeks to prevent the disclosure in response to the subpoena or court order, the Party served with the subpoena or court order shall, to the extent permitted by applicable law, not produce any Protected Material before a determination by the court from which the subpoena or order issued. The Designating Party shall bear the burden and expense of seeking protection in that other court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Party to disobey a lawful directive from another court.

22. The terms of this Protective Order are applicable to information provided by a Third Party in the Action, which may be designated as Protected Material. Nothing in these provisions should be construed as prohibiting a Third Party from seeking additional protections.

23. Even after final disposition of the Action, the obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order directs otherwise. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in the Action, with or without prejudice; and (2) final judgment in the Action after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews in the Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

24. This Protective Order shall survive the termination of the Action. Within 30 days of the final disposition of the Action, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this section, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not to the same person or entity, to the Designating Party) by the 30-day deadline that affirms that the Receiving Party has not retained any Protected Material. Notwithstanding this provision, counsel may retain (1) attorney work product, including an index that refers or relates to designated Protected Material so long as that work product does not duplicate verbatim substantial portions of Protected Material; and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Protected Material shall continue to be protected under this Protective Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Protected Material.

25. Nothing contained in this Protective Order will be construed as (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection;

(c) a ruling regarding the relevance or admissibility of any document, testimony or otherwise; (d) a waiver by a Party of any right to object to the relevance or admissibility of any document, testimony, or other evidence in the Action, or any other proceeding; or (e) a waiver by a Party or person of any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.

26. This Protective Order shall not apply to trial. With respect to any pre-trial hearing, the Parties will endeavor to avoid the discussion of Protected Material to the extent practicable. To the extent there is a need to discuss Protected Material at a hearing, the Parties will jointly request to close the courtroom during discussion of that material.

27. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof. Nothing in this Protective Order abridges the right of any Party to seek its modification by the Court in the future.

28. The Parties acknowledge that the Court retains discretion as to whether, in orders and opinions, to afford confidential treatment to information that the Parties have redacted, sealed or designated as confidential.

**SO STIPULATED AND AGREED.**

Dated: April 13, 2026

/s/ Carmen Iguina Gonzalez
Carmen Iguina Gonzalez (DC Bar No. 644730)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
NATIONAL PRISON PROJECT
915 Fifteenth St. N.W., 7th Floor
Washington, DC 20005
(202) 625-2317
ciguinagonzalez@aclu.org

Kyle Virgien (CA Bar No. 278747)*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
NATIONAL PRISON PROJECT
39 Drumm St.
San Francisco, CA 94111
(202) 393-4930
kvirgien@aclu.org

Arthur B. Spitzer (DC Bar No. 235960)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF THE DISTRICT OF COLUMBIA
915 Fifteenth St. NW, 2nd Floor
Washington, DC 20005
(202) 601-4266
aspitzer@acludc.org

Emma Winger (DC Bar No. 90010721)
Suchita Mathur (DC Bar No. 90013156)
AMERICAN IMMIGRATION COUNCIL
1331 G St. N.W., Suite 200
Washington, DC 20005

/s/ Victoria Turcios
Victoria Turcios (MD Bar No. 1912180181)
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Phone: 202-451-7661
Email: victoria.e.turcios2@usdoj.gov

Laurie Wiesner (DC Bar No. 1015739)
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Phone: 202-598-0885
Email: laurie.wiesner@usdoj.gov

*Counsel for Defendants*

(202) 507-7552
ewinger@immcouncil.org
smathur@immcouncil.org

/s/ Linda Dakin-Grimm
Linda Dakin-Grimm (DC Bar No. 501954;
DDC Bar No. CA00176)
MILBANK LLP
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067
(424) 386-4404
ldakin-grimm@milbank.com

Stacey J. Rappaport (NY Bar No. 2820520)*
Andrew B. Lichtenberg (NY Bar No.
4881090)*
MILBANK LLP
55 Hudson Yards
New York, NY 10001
(212) 530-5347
srappaport@milbank.com
alichtenberg@milbank.com

Danielle S. Lee Sauer (DC Bar No. 1659736)
MILBANK LLP
1101 New York Avenue NW
Washington, DC 20006
(202) 835-7532
dlee@milbank.com

*Counsel for Plaintiff*
*Admitted *pro hac vice*

**SO ORDERED.**

Dated: **April 16, 2026**

[signature]
COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**NON-DISCLOSURE AGREEMENT**

I, ___________________, acknowledge that I have read and understand the Protective Order dated April __, 2026 in the above-captioned action and attached hereto, which governs the non-disclosure of those portions of Discovery Material (as defined in the Protective Order) that have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the Protective Order. I agree to comply with and be bound by the provisions of the Protective Order. I agree that I will not disclose such Protected Material (as defined in the Protective Order) to anyone other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this litigation and pursuant to the terms of the Protective Order.

No later than 30 days after the conclusion of the litigation I will either (i) return all Protected Material to the Party or attorney from whom I received it or (ii) destroy such Protected Material. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the District of Columbia for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Name: ___________________

Date: ____________ Signature:_______________________